IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01538-WYD-MEH

MALIBU MEDIA, LLC,

      Plaintiff,

v.

ANDY ZUERCHER,

      Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Before the Court is Plaintiff's Motion to Strike Defendant's Affirmative Defenses [filed January 30, 2014; docket #36].  In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the motion is referred to this Court for recommendation.  (Docket #30.)  For the reasons that follow, the Court RECOMMENDS that Plaintiff's motion be **granted**.[1]

## BACKGROUND

      Plaintiff initiated this action on June 14, 2013, alleging that then-Doe Defendant, identified

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  Fed. R. Civ. P. 72.  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

only by his Internet Protocol ("IP") address,  infringed on Plaintiff's copyrighted work by using the

internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected

films.  In an effort to identify the alleged infringer, Plaintiff requested permission from the Court

to serve limited, immediate discovery on the Doe Defendant's Internet Service Provider ("ISP")

prior to the Rule 26(f) conference. (Docket # 6.)  The Court determined that Plaintiff had shown

good cause for limited expedited discovery and granted Plaintiff's motion in part. (Docket # 10.)

In particular, the Court authorized Plaintiff to serve a third-party subpoena pursuant to Fed. R. Civ.

P. 45 on the identified ISP for the limited purpose of ascertaining the identity of the Doe Defendant

as set forth in Plaintiff's Complaint.  The Court directed that the subpoena be limited to providing

Plaintiff with the true name, address, telephone number, and email address of the Defendant to

whom the ISP had assigned an IP address.  With the subpoena, the Court directed Plaintiff serve a

copy of its order.  Finally, the Court emphasized that Plaintiff could only use the information

disclosed in response to the subpoenas for the purpose of protecting and enforcing its rights as set

forth in its Complaint [docket # 1].  The Court cautioned Plaintiff that improper use of this

information could result in sanctions.

In accordance with the Court's order, Plaintiff served a  Rule 45 subpoena on Defendant's

ISP and obtained his identity.  Thereafter, Plaintiff filed an Amended Complaint as a matter of

course on September 9, 2013.  (Docket # 13.)  Defendant filed his Answer to Plaintiff's Amended

Complaint on January 9, 2014, asserting eight (8) affirmative defenses.  (Docket # 35.)

On January 30, 2014, Plaintiff filed the present motion seeking to strike five of Defendant's

affirmative defenses.  (Docket # 36.)  Although provided the opportunity to do so (D.C. Colo. LCivR

7.1(c)), Defendant filed no response to the present motion.  The Court is now sufficiently advised

and recommends as follows.

## LEGAL STANDARD

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."   "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *Kimpton Hotel & Restaurant Group, LLC v. Monaco Inn, Inc.*, No. 07-cv-01514-WDM, 2008 WL 140488, at *1 (D. Colo. Jan. 11, 2008) (citing *United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo. 1985)).   Striking a portion of a pleading is a drastic remedy; the federal courts generally view motions to strike with disfavor and infrequently grant such requests.   5C Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1380 (3d ed. 2011).   Whether to strike an affirmative defense rests within the discretion of the trial court. *Anderson v. Van Pelt*, No. 09-cv-00704-CMA, 2010 WL 5071998, at *1 (D. Colo. Dec. 7, 2010) (citing *Vanderhurst v. Colo. Mountain Coll. Dist.*, 16 F. Supp. 2d 1297, 1303 (D. Colo. 1998)).

"An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstance."   *Unger v. US West, Inc.*, 889 F. Supp. 419, 422 (D. Colo. 1995).   The standard articulated in *Unger* continues to be the appropriate standard.   For the following reasons, the Court holds that an affirmative defense is sufficient if stated "in short and plain terms" pursuant to Rule 8(b)(1)(A), and if the movant fails to demonstrate that the defense cannot succeed under any circumstance.

## ANALYSIS

Plaintiff's motion seeks to strike Defendant's first, second, fourth, sixth, and seventh affirmative defenses.   With the aforementioned legal principles in mind, the Court will consider each

of the challenged defenses in turn.

## I.      First Defense: Contributory Negligence

Defendant's first defense states simply "Contributory Negligence."  Answer, docket # 35 at

5.  First, the Court questions whether Defendant's stated defense complies with Fed. R. Civ. P.

8(b)(1)(A), particularly because Defendant fails to include any facts in support of his defense in any

portion of the Answer.  Furthermore, in Colorado, "the contributory negligence of a plaintiff shall

not bar recovery in any action for negligence resulting in death or injury to persons or property as

long as such contributory negligence 'was not as great as the negligence of the person against whom

recovery is sought, but any damages allowed shall be diminished in proportion to the amount of

negligence attributable to the person for whose injury, damage, or death recovery is made.'"  Colo.

Rev. Stat. § 13-21-111(1).  Plaintiff's Amended Complaint alleges a single claim for direct copyright

infringement, not for negligence and, thus, there can be no defense of contributory negligence.  *See*

*Malibu Media, LLC v. House*, No. 13-12218, 2013 WL 5954571, at *2 (E.D. Mich. Nov. 7, 2013).

Without more from the Defendant, the Court finds that the defense of contributory negligence in this

case cannot succeed under any circumstance and recommends that the District Court grant Plaintiff's

motion to strike Defendant's first defense.

## II.     Second Defense: Duress

Defendant's second defense states simply "Duress."  Answer, docket # 35 at 5.  The Court

finds that this defense does not comply with Fed. R. Civ. P. 8(b)(1)(A), particularly because

Defendant fails to include any facts in support of his defense in any portion of the Answer.  In

Colorado, typically, the defense of duress is contemplated in the context of a bilateral contract (*see*

*Vail/Arrowhead, Inc. v. Dist. Ct. for the Fifth Judicial Dist., Eagle Cnty.*, 954 P.2d 608, 612 (Colo.

1998)); however, the courts have adopted the contracts analysis for voiding unilateral acts on the basis of duress as well (*id.*).  Generally, an act is voidable on the grounds of duress if a party's conduct is induced by an improper threat by the actor that leaves no reasonable alternative.  *Id.*  In this case, however, without more from the Defendant, it is impossible to determine in what context Defendant brings his duress defense – does he contend that he was forced or threatened by the Plaintiff to engage in conduct that infringes Plaintiff's copyright?  As Plaintiff points out, during the time of the infringement(s), Defendant's identity was unknown to the Plaintiff and, thus, it is unlikely any improper threat against Defendant may have been made.

Accordingly, the Court finds that Defendant's second affirmative defense fails to comply with Rule 8(b)(1)(A) and cannot succeed under any circumstance as stated.  The Court respectfully recommends that the District Court strike Defendant's second defense of "duress."

## III.     Fourth Defense: Failure to Mitigate Damages

In his fourth defense, Defendant states simply "Failure to Mitigate."  Answer, docket #35 at 5.  Again, the Court questions the fourth defense's validity under Rule 8(b)(1)(A).  Nevertheless, Plaintiff contends that failure to mitigate is not a valid defense in copyright actions in which a plaintiff seeks only statutory damages.  Because Plaintiff has elected to recover statutory rather than actual damages in this case, Plaintiff argues the fourth defense should be stricken.

The Court agrees that a copyright plaintiff's exclusive pursuit of statutory damages invalidates a failure-to-mitigate defense.  *See Moothart v. Bell*, 21 F.3d 1499, 1506-07 (10th Cir. 1994) (finding that mitigation of damages did not apply to statutory penalty); *see also Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 422 (D. N.J. 2005) (mitigation of damages defense not appropriate in copyright infringement case where plaintiffs sought only statutory

damages).  Because Plaintiff's Amended Complaint requests only statutory damages, Defendant's

fourth defense cannot succeed under any present circumstance and this Court recommends that the

defense be stricken.

**IV.     Sixth Defense (Laches) and Seventh Defense (Statute of Limitations):**

Defendant's sixth defense states simply "Laches" and his seventh defense states only

"Statute of Limitations."  Answer, docket #35 at 5.  As found previously, the Court questions these

defenses' validity pursuant to Rule 8(b)(1)(A).   In addition, Plaintiff argues that laches may not be

invoked as a defense in this case since the limitation period for bringing the copyright infringement

claim has been set by the Copyright Act.  The Court agrees.

"Because laches is a judicially created equitable doctrine, whereas statutes of limitations are

legislative enactments, it has been observed that '[i]n deference to the doctrine of the separation of

powers, the [Supreme] Court has been circumspect in adopting principles of equity in the context

of enforcing federal statutes.'"  *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1207-08 (10th

Cir. 2001) (quoting *County of Oneida v. Oneida Indian Nation*, 470 U.S. 226, 262 n. 12 (1985)

(Stevens, J., dissenting in part)).  "Accordingly, '[w]hen a limitation on the period for bringing suit

has been set by statute, laches will generally not be invoked to shorten the statutory period.'"  *Id.*;

*see also* 6 Patry on Copyright § 20:55 ("The availability of laches for conduct occurring within the

limitations period is impermissible.").  For purposes of this case, the Copyright Act provides that,

"No civil action shall be maintained under the provisions of this title unless it is commenced within

three years after the claim accrued."  17 U.S.C. § 507(b).

In rare cases, a statute of limitations may be "cut short" by the doctrine of laches.

*Rodriguez-Aguirre*, 264 F.3d at 1208 (citing *Armstrong v. Maple Leaf Apartments, Ltd.*, 622 F.2d

466, 472 (10th Cir. 1979)).  However, the Defendant has provided no information to allow this Court to determine whether the present case is one of those "rare cases."  Accordingly, Defendant's laches defense is unavailable here as stated.

Moreover, Plaintiff argues that the operative pleading alleges violations from June 9, 2012 through April 30, 2013, and that the statute of limitations for its copyright action is three years; thus, Plaintiff asserts that Defendant's seventh defense cannot succeed under any circumstance.

The Court must agree.  Again, the Copyright Act provides than an action must be filed "within three years after the claim accrued."  17 U.S.C. § 507(b).  Here, Defendant asserts neither facts nor allegations that would support a finding that Plaintiff filed its September 9, 2013 Amended Complaint outside of the three-year statute of limitations.  On its face, the seventh defense cannot succeed under any circumstance.  Therefore, the Court recommends that the District Court grant Plaintiff's motion to strike Defendant's sixth and seventh affirmative defenses.

## CONCLUSION

As set forth above, the Court finds that Defendant's first, second, fourth, sixth, and seventh affirmative defenses should be stricken and respectfully recommends that Plaintiff's Motion to Strike Defendant's Affirmative Defenses [filed January 30, 2014; docket #36] be **granted**.

Entered and dated at Denver, Colorado, this 27th day of February, 2014.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge